# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| In re: BEACH, BRYON M | § | Case No. 16-81953 |
| BEACH, YVONNE M | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on August 16, 2016.  The undersigned trustee was appointed on August 16, 2016.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of            $            10,100.00

| | |
|---|---|
| Funds were disbursed in the following amounts: | |
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 3,378.00 |
| Bank service fees | 40.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]      $ | 6,682.00 |

The remaining funds are available for distribution.

5.  Attached as **Exhibit B**  is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 03/31/2017
and the deadline for filing governmental claims was 03/31/2017.  All claims of each class
which will receive a distribution have been examined and any objections to the allowance
of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any
claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D** .

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is
$1,760.00.  To the extent that additional interest is earned before case closing, the maximum
compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the
sum of $1,760.00, for a total compensation of $1,760.00.[2] In addition, the trustee
received reimbursement for reasonable and necessary expenses in the amount of $0.00
and now requests reimbursement for expenses of $94.30, for total expenses of
$94.30.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the
foregoing report is true and correct.

Date: 07/12/2017                By:/s/JOSEPH D. OLSEN
                                Trustee, Bar No.:

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction
Act exemption 5 C.F.R. §1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph
may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1

**Page: 1**

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 16-81953 | **Trustee:** (330400)  JOSEPH D. OLSEN |
| **Case Name:** BEACH, BRYON M | **Filed (f) or Converted (c):** 08/16/16 (f) |
| BEACH, YVONNE M | **§341(a) Meeting Date:** 09/22/16 |
| **Period Ending:** 07/12/17 | **Claims Bar Date:** 03/31/17 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Cash | 100.00 | 0.00 | | 0.00 | FA |
| 2 | Cash | 125.00 | 0.00 | | 0.00 | FA |
| 3 | Credit Union: Alliant Credit Union | 200.00 | 0.00 | | 0.00 | FA |
| 4 | Checking: Chase Bank | 219.61 | 0.00 | | 0.00 | FA |
| 5 | Checking: PNC Bank | 0.00 | 0.00 | | 0.00 | FA |
| 6 | Bed | 25.00 | 0.00 | | 0.00 | FA |
| 7 | Two Kids Bedroom Sets, Washer, Dryer. Kitchen Co | 575.00 | 0.00 | | 0.00 | FA |
| 8 | Computer | 25.00 | 0.00 | | 0.00 | FA |
| 9 | Four TV's, Laptop, Desktop Computer, IPad, Cryst | 625.00 | 0.00 | | 0.00 | FA |
| 10 | Cd's, DVD's, Movies, Pictures, Home Decor, Autog | 325.00 | 0.00 | | 0.00 | FA |
| 11 | Used Clothing | 200.00 | 0.00 | | 0.00 | FA |
| 12 | Used Clothing | 100.00 | 0.00 | | 0.00 | FA |
| 13 | Bracelet | 100.00 | 0.00 | | 0.00 | FA |
| 14 | Term Life Insurance through work: Eric and Betsy | 0.00 | 0.00 | | 0.00 | FA |
| 15 | 401 (k): Wells Fargo | 7,000.00 | 0.00 | | 0.00 | FA |
| 16 | 1996 Toyota Avalon, 149,000 miles, Sedan. Entire | 2,450.00 | 0.00 | | 0.00 | FA |
| 17 | 2006 Volvo XC90, 140,000 miles, SUV. Entire prop | 4,950.00 | 0.00 | | 0.00 | FA |
| 18 | Cat | 5.00 | 0.00 | | 0.00 | FA |
| 19 | Fraudulent conveyance of property  (u)<br>   Property commonly known as 1811 Loomis Street,<br>Rockford, IL | 15,000.00 | 15,000.00 | | 9,100.00 | FA |
| 20 | Rent receipts for 1811 Loomis Street, Rockford  (u) | 15,000.00 | 15,000.00 | | 1,000.00 | FA |
| **20** | **Assets    Totals (Excluding unknown values)** | **$47,024.61** | **$30,000.00** | | **$10,100.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

This is a very recent case. The Debtors lost their residence to a tax sale, for the nonpayment of real estate taxes, within a few months preceding the bankruptcy filing. The Trustee believes that would be considered a fraudulent conveyance and recoverable by the Estate and is pursuing that asset. Demand has been made upon the tax deed purchaser to resolve the purported fraudulent conveyance but we are still in the discovery phase about what that valuation of the property should be and what offsets are allowable. Case should be resolved in calendar year 2017.

Exhibit A

# Form 1

## Individual Estate Property Record and Report

## Asset Cases

Page: 2

| | |
|---|---|
| **Case Number:** 16-81953 | **Trustee:**    (330400)    JOSEPH D. OLSEN |
| **Case Name:**    BEACH, BRYON M | **Filed (f) or Converted (c):**    08/16/16 (f) |
|                   BEACH, YVONNE M | **§341(a) Meeting Date:**    09/22/16 |
| **Period Ending:** 07/12/17 | **Claims Bar Date:**    03/31/17 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description**<br>**(Scheduled And Unscheduled (u) Property)**<br><br>Ref. # | **Petition/**<br>**Unscheduled**<br>**Values** | **Estimated Net Value**<br>**(Value Determined By Trustee,**<br>**Less Liens, Exemptions,**<br>**and Other Costs)** | **Property**<br>**Abandoned**<br>**OA=§554(a)** | **Sale/Funds**<br>**Received by**<br>**the Estate** | **Asset Fully**<br>**Administered (FA)/**<br>**Gross Value of**<br>**Remaining Assets** |

**Initial Projected Date Of Final Report (TFR):**    December 31, 2017          **Current Projected Date Of Final Report (TFR):**    December 31, 2017

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** | 16-81953 |
| **Case Name:** | BEACH, BRYON M |
| | BEACH, YVONNE M |
| **Taxpayer ID #:** | **-***2111 |
| **Period Ending:** | 07/12/17 |

| | |
|---|---|
| **Trustee:** | JOSEPH D. OLSEN (330400) |
| **Bank Name:** | Rabobank, N.A. |
| **Account:** | ******5066 - Checking Account |
| **Blanket Bond:** | $1,500,000.00  (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|---|
| 03/02/17 | {20} | Yvonne M Beach | monthly payment | | 1222-000 | 500.00 | | 500.00 |
| 03/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 490.00 |
| 04/26/17 | {20} | Yvonne Beach | monthly rent payment | | 1222-000 | 500.00 | | 990.00 |
| 04/28/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 980.00 |
| 05/31/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 970.00 |
| 06/13/17 | {19} | Z Financial | per court order 06/05/2017 | | 1241-000 | 9,100.00 | | 10,070.00 |
| 06/30/17 | | Rabobank, N.A. | Bank and Technology Services Fee | | 2600-000 | | 10.00 | 10,060.00 |
| 07/06/17 | 101 | Attorney Craig A Willette | | | | | 3,378.00 | 6,682.00 |
| | | | | 3,333.00 | 3110-000 | | | 6,682.00 |
| | | | | 45.00 | 3120-000 | | | 6,682.00 |

| | | | |
|---|---|---|---|
| **ACCOUNT TOTALS** | | 10,100.00 | 3,418.00 | **$6,682.00** |
| Less: Bank Transfers | | 0.00 | 0.00 | |
| **Subtotal** | | **10,100.00** | **3,418.00** | |
| Less: Payments to Debtors | | | 0.00 | |
| **NET Receipts / Disbursements** | | **$10,100.00** | **$3,418.00** | |

| | |
|---|---|
| Net Receipts : | 10,100.00 |
| Net Estate : | $10,100.00 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **Checking # ******5066** | 10,100.00 | 3,418.00 | 6,682.00 |
| | **$10,100.00** | **$3,418.00** | **$6,682.00** |

# Exhibit "C" -  Analysis of Claims Register

## Case:  16-81953    BEACH, BRYON M

| Case Balance: | $6,682.00 | Total Proposed Payment: | $6,682.00 | Remaining Balance: | $0.00 |
|---|---|---|---|---|---|

| Claim # | Claimant Name | Type | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment | Remaining Funds |
|---|---|---|---|---|---|---|---|---|
| | Attorney Craig A Willette | Admin Ch. 7 | 45.00 | 45.00 | 45.00 | 0.00 | 0.00 | 6,682.00 |
| | <3120-00   Attorney for Trustee Expenses (Trustee Firm)> | | | | | | | |
| | Attorney Craig A Willette | Admin Ch. 7 | 3,333.00 | 3,333.00 | 3,333.00 | 0.00 | 0.00 | 6,682.00 |
| | <3110-00   Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| | Clerk of the United States Bankruptcy Court | Admin Ch. 7 | 350.00 | 350.00 | 0.00 | 350.00 | 350.00 | 6,332.00 |
| | <2700-00   Clerk of the Court Costs (includes adversary and other filing fees)> | | | | | | | |
| | JOSEPH D. OLSEN | Admin Ch. 7 | 94.30 | 94.30 | 0.00 | 94.30 | 94.30 | 6,237.70 |
| | <2200-00   Trustee Expenses> | | | | | | | |
| | JOSEPH D. OLSEN | Admin Ch. 7 | 1,760.00 | 1,760.00 | 0.00 | 1,760.00 | 1,760.00 | 4,477.70 |
| | <2100-00   Trustee Compensation> | | | | | | | |
| | Joseph D Olsen | Admin Ch. 7 | 966.00 | 966.00 | 0.00 | 966.00 | 966.00 | 3,511.70 |
| | <3110-00   Attorney for Trustee Fees (Trustee Firm)> | | | | | | | |
| 1P | IRS | Priority | 292.09 | 292.09 | 0.00 | 292.09 | 292.09 | 3,219.61 |
| 1U | IRS | Unsecured | 223.62 | 223.62 | 0.00 | 223.62 | 109.67 | 3,109.94 |
| 2 | Capital One Bank (USA), N.A. | Unsecured | 488.13 | 488.13 | 0.00 | 488.13 | 239.40 | 2,870.54 |
| 3 | Mercy Health | Unsecured | 3,677.70 | 3,677.70 | 0.00 | 3,677.70 | 1,803.69 | 1,066.85 |
| 4 | MIDLAND FUNDING LLC | Unsecured | 711.05 | 711.05 | 0.00 | 711.05 | 348.73 | 718.12 |
| 5 | Portfolio Recovery Associates, LLC | Unsecured | 858.36 | 858.36 | 0.00 | 858.36 | 420.97 | 297.15 |
| 6 | Portfolio Recovery Associates, LLC | Unsecured | 605.89 | 605.89 | 0.00 | 605.89 | 297.15 | 0.00 |
| | **Total for Case 16-81953 :** | | **$13,405.14** | **$13,405.14** | **$3,378.00** | **$10,027.14** | **$6,682.00** | |

## CASE SUMMARY

| | Amount Filed | Amount Allowed | Paid to Date | Proposed Payment | % paid |
|---|---|---|---|---|---|
| Total Administrative Claims : | $6,548.30 | $6,548.30 | $3,378.00 | $3,170.30 | 100.000000% |
| Total Priority Claims : | $292.09 | $292.09 | $0.00 | $292.09 | 100.000000% |
| Total Unsecured Claims : | $6,564.75 | $6,564.75 | $0.00 | $3,219.61 | 49.043909% |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-81953
Case Name: BEACH, BRYON M
Trustee Name: JOSEPH D. OLSEN

**Balance on hand:**                           $            6,682.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|----------------|-------------------------|--------------------------|------------------|
| None |

Total to be paid to secured creditors:    $            0.00
Remaining balance:                        $            6,682.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| Trustee, Fees - JOSEPH D. OLSEN | 1,760.00 | 0.00 | 1,760.00 |
| Trustee, Expenses - JOSEPH D. OLSEN | 94.30 | 0.00 | 94.30 |
| Attorney for Trustee, Fees - Attorney Craig A Willette | 3,333.00 | 3,333.00 | 0.00 |
| Attorney for Trustee, Expenses - Attorney Craig A Willette | 45.00 | 45.00 | 0.00 |
| Charges, U.S. Bankruptcy Court | 350.00 | 0.00 | 350.00 |
| Attorney for Trustee Fees - Joseph D Olsen | 966.00 | 0.00 | 966.00 |

Total to be paid for chapter 7 administration expenses:    $            3,170.30
Remaining balance:                                         $            3,511.70

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|------------------|-----------------|--------------------------|------------------|
| None |

Total to be paid for prior chapter administrative expenses:    $            0.00
Remaining balance:                                            $            3,511.70

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $292.09 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1P | IRS | 292.09 | 0.00 | 292.09 |

| | | |
|---|---|---|
| Total to be paid for priority claims: | $ | 292.09 |
| Remaining balance: | $ | 3,219.61 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 6,564.75 have been allowed and will be paid _pro rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 49.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1U | IRS | 223.62 | 0.00 | 109.67 |
| 2 | Capital One Bank (USA), N.A. | 488.13 | 0.00 | 239.40 |
| 3 | Mercy Health | 3,677.70 | 0.00 | 1,803.69 |
| 4 | MIDLAND FUNDING LLC | 711.05 | 0.00 | 348.73 |
| 5 | Portfolio Recovery Associates, LLC | 858.36 | 0.00 | 420.97 |
| 6 | Portfolio Recovery Associates, LLC | 605.89 | 0.00 | 297.15 |

| | | |
|---|---|---|
| Total to be paid for timely general unsecured claims: | $ | 3,219.61 |
| Remaining balance: | $ | 0.00 |

**UST Form 101-7-TFR (05/1/2011)**

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for tardy general unsecured claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | | |
|---|---|---|
| Total to be paid for subordinated claims: | $ | 0.00 |
| Remaining balance: | $ | 0.00 |